# In the United States Court of Federal Claims

OFFICE OF SPECIAL MASTERS
No. 13-901V
Filed: January 25, 2017

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| STEVE LEHRMAN, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | |
| v. | * | |
| | * | Interim Attorneys' Fees and Costs; |
| SECRETARY OF HEALTH | * | Reasonable Amount to Which |
| AND HUMAN SERVICES, | * | Respondent Does Not Object |
| | * | |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

*Sylvia Chin-Caplan, Law Office of Sylvia Chin-Caplan, Boston, MA, for petitioner.*
*Darryl Wishard, U.S. Department of Justice, Washington, DC, for respondent.*
*Ronald C. Homer, Conway Homer, P.C., Boston, MA, former counsel for petitioner.*

## DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

**Roth,** Special Master:

On November 13, 2013, Steve Lehrman ("Mr. Lehrman" or "petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.,*[2] (the "Vaccine Act"). Petitioner alleged that he developed Guillain-Barre Syndrome after receiving an influenza vaccine on October 25, 2011. *See generally* Petition ("Pet."), ECF No. 1. On February 24, 2014, respondent filed a Rule 4(c) Report ("Resp. Rpt.") recommending against compensation. ECF No. 19. The parties have submitted expert reports and an entitlement hearing is scheduled for May 23 and 24, 2017.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner previously requested and was awarded $2,000 in interim costs "for reimbursement of petitioner's payment for a retainer for an expert witness." Decision at 1, ECF No. 42. Interim costs were awarded directly to Mr. Lehrman.

Petitioner now seeks an award of interim attorneys' fees in the amount of $37,535.00 and costs in the amount of $20,297.22, for a total of $58,303.98, pursuant to Section 15(e) of the Vaccine Act. Motion for Attorney's Fees ("Motion for Fees"), ECF No. 53. In accordance with General Order #9, petitioner has filed a signed statement indicating petitioner incurred $471.76 in out-of-pocket expenses. Notice, ECF No. 61. Respondent filed a response to the petitioner's motion for fees on January 5, 2017. Response to Motion for Interim Attorney's Fees ("Response"), ECF No. 62. Respondent deferred to the undersigned regarding whether an award of interim fees is appropriate in this matter, but that she is otherwise "satisfied that the statutory and other legal requirements for an award of attorneys' fees and costs are met." Response at 2. After careful consideration, the undersigned has determined to grant the request in full for the reasons set forth below.

Interim fees may be paid at the discretion of the special master. *See Avera v. Sec'y of HHS*, 515 F.3d 1343, 1352 (Fed. Cir. 2008) ("Interim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained.") While they are not routinely awarded, interim fees may be awarded when petitioner's counsel withdraws from a case. *See, e.g., Woods v. Sec'y of HHS*, 105 Fed. Cl. 148, 154 (2012).[3] Shortly after filing his application for interim attorneys' fees and costs, petitioner filed a Motion to Substitute Attorney Sylvia Chin-Caplan in place of Ronald C. Homer. This case has been pending for over three years and is set for an entitlement hearing in May. Because of the protracted nature of these proceedings, the withdrawal of Ron Homer as counsel of record, and the substitution of Sylvia Chin-Caplan, the undersigned finds that it is appropriate to decide interim attorneys' fees and costs owed to the Conway Homer firm at this time.

The undersigned would like to emphasize that interim fees and costs are not routinely awarded. *Woods*, 105 Fed. Cl. 148, 154 (2012). Interim fees and costs are the exception, rather than the rule. However, based on the overall circumstances of this case, the reasonableness of petitioner's request, and the lack of opposition from respondent, the undersigned **GRANTS** petitioner's motion for interim attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $58,303.98 as follows:**

- **A lump sum of $471.76 in the form of a check payable solely to petitioner, Steve Lehrman; and**
- **A lump sum of $57,832.22 in the form of a check jointly payable to petitioner and petitioner's counsel, Ronald Homer.**

---

[3] The law firm of Conway, Homer & Chin-Caplan is now known as Conway Homer, P.C. Ms. Chin-Caplan is now practicing as the Law Office of Sylvia Chin-Caplan.

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**s/Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.